UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SAMUEL J. OPARA,

        Petitioner,

v.

FEDERAL BUREAU OF PRISONS, et al.,

        Respondents.

Civ. No. 13-0748 (JBS)

**OPINION**

**APPEARANCES:**

    SAMUEL J. OPARA, #05433-027
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, NJ 08640
    Petitioner *pro se*

**JEROME B. SIMANDLE, CHIEF JUDGE**

## I.    INTRODUCTION

Petitioner, Samuel J. Opara, is a federal prisoner confined at the Federal Correctional Institute at Fort Dix, New Jersey. He brings this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] For the reasons set forth below, after screening the petition, the Court will dismiss the petition for lack of jurisdiction as it is a prohibited second or successive motion under § 2255.

---

[1] Section 2241 states in relevant part:

    (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
    (c) The writ of habeas corpus shall not extend to a prisoner unless - . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

## II.     BACKGROUND

Petitioner is confined pursuant to a federal drug conviction and sentence imposed by the United States District Court for the Northern District of Indiana. He was sentenced to thirty years imprisonment. Petitioner appealed his conviction and sentence and filed several motions to vacate, set aside or correct his sentence pursuant to 28 U.S.C. 2255. *See United States v. Opara*, ("*Opara I*"), 20 Fed. Appx. 533 (7th Cir. 2001) (affirming sentence on direct appeal but setting aside conviction on one count because government conceded that there was insufficient evidence to find Opara guilty of maintaining a crack house); *see also Opara v. United States*, ("*Opara II*"), Nos. 2: 03-cv-9, 2: 98-cr-47, 2005 WL 1653902 (N.D. Ind. July 8, 2005) (denying motion to declare judgment void under Section 2255), *certificate of appealability denied*, 2006 WL 1128649 (N.D. Ind. Apr. 26, 2006); *United States v. Opara*, ("*Opara III*"), No. 2: 98-cr-47, 2008 WL 596616 (N.D. Ind. Mar. 5, 2008) (dismissing § 2255 motion as second or successive without certification from Court of Appeals). Additionally, petitioner has also previously unsuccessfully moved for habeas relief in this Court. *See Opara v. United States*, ("*Opara IV*"), Civ. No. 10-2295, 2010 WL 5250886 (D.N.J. Dec. 14, 2010) (dismissing habeas petition filed under § 2241 for lack of jurisdiction as it was considered a second or successive § 2255 motion), *aff'd*, 423 Fed. Appx. 116 (3d Cir. 2011) (per curiam).

In the instant § 2241 motion, petitioner claims that the United States Attorney has dismissed all of the counts of the indictment against petitioner and has terminated his case. Thus, he contends that the Federal Bureau of Prisons is enforcing a conviction and sentence against him that has been terminated.

Petitioner attaches several exhibits to his petition, including a portion of the docket from his underlying federal criminal proceedings in the Northern District of Indiana. He also attaches

court document dated September 1, 2000, which petitioner alleges indicates that the counts against him have been dismissed. The document is signed by the Assistant United States Attorney as well as the District Judge and dismisses the "original indictment" against petitioner.

### III. DISCUSSION

A. Standard for Sua Sponte Dismissal

With respect to screening the instant petition, 28 U.S.C. § 2243 states in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

Furthermore, "[b]efore a second or successive [§ 2255] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* 28 U.S.C. § 2255(h).

B. Jurisdiction

Petitioner asserts that he is entitled to habeas relief under § 2241 and claims that all of the counts against him have been dismissed. Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). This is generally true because section 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Section 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A section 2255 motion is "inadequate or ineffective" which permits a petitioner to resort to a section 2241 petition "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful [sentence] claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam) (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255

4

motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a section 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of section 2255. *See id.* The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

In this case, petitioner does not allege facts to bring his petition within the *Dorsainvil* exception. Instead, it appears as if petitioner is seeking to avoid the gatekeeping requirements of § 2255 which limit when a petitioner can file a second or successive motion.[2]

As previously stated, petitioner asserts in this motion that the United States Attorney has dismissed the counts against him. He relies on a document signed by the Assistant United States Attorney and the District Judge dated September 1, 2000 and entered in petitioner's criminal case. (*See* Dkt. No. 1 at p. 33, 36.) First, contrary to petitioner's contention, while the document he relies on dismissed the "original indictment," petitioner's underlying criminal docket indicates that there was a superseding indictment filed against petitioner after the original indictment was filed. (*See id.* at p. 15.) Second, the document purportedly dismissing the charges against petitioner was filed in September 2000, or well before petitioner filed his initial § 2255 motion in

---

[2] Indeed, Section 2255(h) provides that a second or successive § 2255 motion must be certified to contain either: (1) newly discovered evidence, that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

5

January 2002. Thus, petitioner could have brought the issues he raises in the instant petition at the time of his initial § 2255 motion.

Petitioner's challenge to his judgment and sentence is insufficient to invoke the Court's jurisdiction under § 2241 in this case. As petitioner has failed to obtain certification from the Court of Appeals to proceed in this action, this Court lacks jurisdiction to consider his § 2241 motion. It would also not be interest of justice to transfer this petition to the United States District Court for Northern District of Indiana or to the United States Court of Appeals for the Seventh Circuit. *See* 28 U.S.C. § 1631 ("Whenever a civil action is filed in this court as defined in section 610 or this title or an appeal . . . is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed[.]").

### IV.     MOTION PURSUANT TO 28 U.S.C. § 2247

Petitioner has also filed a motion under 28 U.S.C. § 2247 requesting that court documents be unsealed. (*See* Dkt. 2.) Section 2247 states that, "[o]n application for a writ of habeas corpus documentary evidence, transcripts of proceedings upon arraignment, plea and sentence and a transcript of the oral testimony introduced on any previous similar application by or in behalf of the same petitioner, shall be admissible in evidence." In this case, as this court lacks jurisdiction over the petition, the motion will be denied.

### V.     CONCLUSION

For the reasons set forth above, this habeas action will be dismissed for lack of jurisdiction because it is a second or successive § 2255 motion challenging petitioner's federal

judgment and sentence and petitioner has not received leave from the Court of Appeals to file such a petition. An appropriate order will be issued.


DATED: **May 29, 2013**    　　　　　　　　　　　  **s/ Jerome B. Simandle**
　　　　　　　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge